[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 9, 1995 Date of Application February 9, 1995 Date Application Filed February 16, 1995 Date of Decision November 24, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven; Docket No. CR6-393525.
William F. Tiernan, Esq., Counsel for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney for the State.
Gregory McClam, petitioner, elected to be tried by a three-judge panel. After trial, the panel returned a verdict of guilty to the crime of murder (a violation of C.G.S. §53a-54a) which provides for a penalty of not less than 25 years incarceration and not more than a life sentence (which is defined as 60 years incarceration).
The petitioner was sentenced to 35 years incarceration. The petitioner seeks review of this sentence.
It appears, from the record, that some type of dispute was ongoing between the occupants of two motor vehicles.
The victim was a rear seat passenger in the first vehicle along with four other occupants. The petitioner was a front seat passenger in the second vehicle along with others. The second vehicle was, at the time of the incident, to the rear of the first vehicle. CT Page 955
The record further reveals that, for reasons not clearly known, the petitioner pulled a handgun from his clothing and pointed the handgun out the window of the vehicle he occupied and fired ten rounds in the direction of the other vehicle. At least five of the rounds struck that first vehicle. One of the rounds, fired by the petitioner, passed through the trunk of the first vehicle through the rear seat and entered the back of the victim. The victim was pronounced dead shortly thereafter.
The defendant denied responsibility for the shooting.
At the hearing before the Division, the counsel for petitioner indicated that the petitioner was caught up in a situation not of his own making. Counsel indicated that the petitioner may have had grounds to believe himself in danger. Counsel further noted that the conduct attributed to petitioner was "clearly an aberration," that petitioner was remorseful, and that petitioner's life prior to the shooting demonstrated a potential to be a useful citizen. Counsel implored the court to impose a minimal amount of incarceration time in order to give petitioner "light at the end of the tunnel."
The petitioner addressed the Division. Petitioner indicated that he is trying to better himself, that he attends school, that he is involved with computers and that he "helps counselors with programs for kids." Petitioner further stated that he could "help more on the outside to helping people from going to prison."
The state's attorney countered that the petitioner fired his handgun ten times at the other vehicle and that the petitioner had two prior convictions involving weapons.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq., and Connecticut General Statute § 51-194
CT Page 956 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J.
Klaczak, J.
O'Keefe, J.
Miano, J., Klaczak, J. and O'Keefe, J. participated in this decision.